IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| GINA WALKER, DAVID FLEMING, and MYRNA FLEMING,<br><br>Plaintiffs,<br><br>vs.<br><br>BNSF RAILWAY COMPANY, MARK ENGDAHL, and DOES 1-10,<br><br>Defendants. | CV 20-97-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE** |

This action was originally brought in the Montana Thirteenth Judicial District Court, Yellowstone County (DV-20-0822) on June 5, 2020, against Defendants BNSF Railway Company, Mark Engdahl, and Does 1-10 ("Defendants"). (Doc. 4.) BNSF timely removed the action to this Court on July 2, 2020, invoking diversity jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a), (b). (Doc. 1.)

Before the Court is Plaintiffs' Motion to Remand. (Doc. 12.) The matter is fully briefed and ripe for review. (Docs. 13, 14, 21.) Having considered the parties' submissions, the Court recommends that Plaintiffs' motion be GRANTED, and this matter be REMANDED to the Montana Thirteenth Judicial District Court for further proceedings.

1

## I. Background

Plaintiffs are landowners in Whitefish, Montana. (Doc. 5 at ¶ 1.) Gina Walker is a citizen and resident of California, and David and Myrna Fleming are citizens and residents of Montana. (*Id.*) Defendant BNSF is a Delaware corporation with a principal place of business in Texas, and Engdahl is a citizen and resident of Montana. (*Id.* at ¶¶ 2-3.)

Walker was the sole plaintiff in the original complaint. (Doc. 4.) Defendants removed this matter to federal court on July 2, 2020, but notice to the Thirteenth Judicial Court was not given until July 7, 2020. (*See* Doc. 3 at 2.) Between those events, Walker amended her complaint and added the Flemings as plaintiffs on July 2, 2020. (Doc. 5.)

Plaintiffs pled eight causes of action against BNSF and/or Engdahl in the Amended Complaint. (Doc. 5 at ¶¶ 20-56.) Plaintiffs generally allege BNSF discharged pollutants into the ground and groundwater adjacent to their properties, exposing them to health and safety risks, and causing diminution in property value, among other damages. (*Id.* at ¶¶ 6-14, 57 *et seq.*) Plaintiffs also allege that Engdahl, individually and in his capacity as the BNSF manager of environmental remediation, committed torts related to cleanup of the pollutants in and around their properties. (*Id.* at ¶ 3.) Plaintiffs allege Engdahl trespassed on their properties, destroyed the bed and bank of the Whitefish River, and made

2

misrepresentations about the seriousness and risks of the pollutants, as well as the adequacy of cleanup efforts. (*Id.* at ¶¶ 15-18.) Plaintiffs assert claims against Engdahl specifically for public and private nuisance (Counts 2 and 3), trespass (Count 5), and constructive fraud-deceit (Count 7). (*Id.* at ¶¶ 24-35, 40-43, 47-51.)

Plaintiffs seek to remand the case to Montana state district court because Plaintiffs David and Myrna Fleming and Defendant Engdahl are all citizens of Montana, and therefore, complete diversity does not exist. Defendants recognize that complete diversity no longer exists under the Plaintiffs' Amended Complaint, but allege Engdahl was fraudulently joined, thereby allowing this Court to disregard him for the purposes of diversity jurisdiction. (*Id.* at ¶¶ 12, 16, 18-19.)

## II.     Legal Standard

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal district courts have original jurisdiction in actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Complete diversity of citizenship requires each of the plaintiffs to be a citizen of a different state than each of the defendants. *Id.*; *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

3

An exception to the complete diversity requirement exists where a defendant has been "fraudulently joined" to defeat diversity jurisdiction. Fraudulent joinder can be established "if a defendant shows that an individual joined in the action cannot be liable on any theory." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (internal quotations and citations omitted). "But if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that joinder was proper and remand the case to the state court." *Id.* (Emphasis in original) (internal quotations and citations omitted); see also, *Staley v. BNSF Ry. Co.*, 2015 WL 860802, *3 (D. Mont. Feb. 27, 2015) ("Fraudulent joinder only occurs when 'a plaintiff has no possibility of bringing a cause of action against a resident defendant, and therefore has no reasonable grounds to believe he has such an action.'").

Because there is a "general presumption against fraudulent joinder," a defendant invoking the fraudulent joinder exception bears a "heavy burden." *Weeping Hollow Ave Trust v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (citing *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)). Indeed, the Ninth Circuit has recognized that "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

### III. Discussion

Defendants advance two primary reasons why Plaintiffs' joinder of Engdahl is fraudulent. First, Defendants assert that under Montana law, employees or agents of a corporation are generally not liable for acts taken on behalf of the corporation, citing *Sherner v. Nat'l Loss Control Servs. Corp.*, 124 P.3d 150, 155 (Mont. 2005). (*Id.* at 4.) Plaintiffs reply that Montana law does not completely insulate employees from tort liability and point out that the *Sherner* Court merely upheld summary judgment because no evidence supported the claim against the defendant. (Doc. 21 at 3-5.)

While it is generally true under Montana law that employees and agents of a corporation are shielded from personal liability for acts on behalf the corporation, the Montana Supreme Court recognizes an exception to the rule under Mont. Code Ann. § 28-10-702(3). *Sherner*, 124 P.3d at 155, ¶¶ 25-26 (citing *Crystal Springs Trout Co. v. First State Bank of Froid*, 732 P.2d 819, 823 (Mont. 1987)). Section 28-10-702(3) reads, in pertinent part: "[a] person who assumes to act as an agent is responsible to third persons as a principal for acts in the course of the agency … when the agent's acts are wrongful in their nature." Thus, it is possible to bring a viable claim under Montana law against an agent or employee for their own tortious conduct committed within the scope of employment. *Crystal Springs Trout Co. v. First State Bank of Froid*, 732 P.2d 819, 823 (Mont. 1987) (corporate

agent may be personally liable under Section 28-10-702(3) if the agent was personally negligent or "the agent's actions were tortious in nature.")  Accordingly, this Court has consistently denied claims of fraudulent joinder where an employee is named as a defendant based on their own wrongful conduct.  In fact, the Court has rejected this same argument by Defendant BNSF Railway Company on several occasions.  See e.g., *Caven v. BNSF Railroad Co.,* 2004 WL 5704818 *1 (D. Mont. Sept. 20, 2004) (rejecting claim of fraudulent joinder, finding corporate agent can be held personally liable under Montana law for the agents own tortious actions); *Anderson v. BNSF Railway Co.*, 2008 WL 5412454 *1 (D. Mont.  May 21, 2008) (joinder of employee was not fraudulent because "employee may be liable under Montana law for torts committed within the scope of employment."); *Staley v. BNSF Railway Co.*, 2015 WL 860802 *4 (D. Mont. Feb. 27, 2015) (denying motion to remand based on fraudulent joinder where there was conflicting claims and evidence as to whether employee's conduct was personally tortious in nature); *Sloan v. BNSF Railway Co.*, 2018 WL 4899457, at *2 (D. Mont. Jan. 18, 2018), *report and recommendation adopted*, 2018 WL 4899448 (D. Mont. Mar. 1, 2018) ("courts in the District of Montana have held that it is enough to allege that the corporate agent either ignored warnings or participated in the principal's tortious conduct to hold the agent personally liable.").  Therefore, this argument, standing alone, is not sufficient to establish fraudulent joinder.

Defendants further assert, however, that Plaintiffs have failed to allege sufficient facts to establish that Engdahl personally engaged in any specific conduct which would subject him to personal liability.  As to this argument, it is essential to recognize that "the test for fraudulent joiner and for failure to state a claim under Rule 12(b)(6) are not equivalent."  *Grancare, LLC*, 889 F.3d at 549.  Fraudulent joinder is a jurisdictional inquiry, while Rule 12(b)(6) is an adjudication on the merits.  *Id.*  Therefore, rather than applying a Rule 12(b)(6) standard for failure to state a claim, the fraudulent joinder standard "is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction."  *Id.*  Applying this standard, the Court finds Plaintiffs have shown a possibility of recovery against Engdahl for each of the claims alleged against him.

The Court will review each count in turn:

### 1. Nuisance

Plaintiffs allege claims for public and private nuisance.  (*Id.* at ¶¶ 24-35.)  Under Montana law, nuisance is defined as:

> Anything that is injurious to health, indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or that unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, river, bay, stream, canal, or basin or any public park, square, street, or highway is a nuisance.

Mont. Code Ann. § 27-30-101(1).

To be considered a public nuisance, the nuisance must "affect[], at the same time, an entire community or neighborhood or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal." Mont. Code. Ann. § 27-30-102(1). Conversely, anything that fits the general definition of nuisance but is not included in the definition of public nuisance is considered a private nuisance. Mont. Code Ann. § 27-30-102.

Montana statute also creates a private right of action for both public and private nuisance. Mont. Code Ann. § 27-30-203 creates an action for public nuisance if the nuisance "is specially injurious to that person." Additionally, "[a]ny person whose property is injuriously affected or whose personal enjoyment is lessened by the nuisance," may bring a claim for private nuisance. Mont. Code Ann. § 27-30-103.

Plaintiffs have alleged a colorable claim against Engdahl for nuisance. Plaintiffs allege Engdahl is BNSF's manager of environmental remediation and "committed torts … both individually and in his capacity as an employee and agent of BNSF." (Doc. 5 at ¶ 3.) Plaintiffs contend Engdahl made a conscious decision to abstain from cleaning up the hazardous waste BNSF discharged into the air, soil, surface and groundwater in and around Whitefish, which intentionally and wrongfully appropriated Plaintiffs' property. (*Id.* at ¶ 9.) Plaintiffs incorporate descriptions of the hazardous materials and allege them to be "toxic materials"

8

known to cause serious chronic and fatal diseases. (*Id.* at ¶¶ 7-11.) Plaintiffs allege these materials migrated in plumes in and around the City of Whitefish, threatening people and property occupying and using property and aquifers in the city. (*Id.* at ¶¶ 13, 27.) In addition, Plaintiffs allege that the hazardous materials specifically intruded onto their property, which interfered with their personal enjoyment and use of their property, homes, and residences. (*Id.* at ¶¶ 15, 33.) Last, Plaintiffs allege damages by way of lost property values, the need for investigation and restoration, lost use and quiet enjoyment, and other injuries. (*Id.* at ¶¶ 18, 28, 32, 34.)

From these allegations, the Court cannot say there is no possibility that the Montana district court would find these allegations sufficient to state a viable claim against Engdahl for nuisance. Therefore, the Court finds that Plaintiffs have sufficiently alleged the tort of nuisance against Engdahl to defeat a claim of fraudulent joinder.

    **2.**    **Trespass**

The Court also finds that Plaintiffs have stated a colorable claim for trespass. While it is unclear from the Amended Complaint whether Plaintiffs claim is grounded in intentional or negligent trespass, the Court finds both are possible.

9

In *Branstetter v. Beaumont Supper Club, Inc.*, 727 P.2d 933, 935 (Mont. 1986), the Montana Supreme Court looked to and adopted the elements of intentional trespass from the Restatement (Second) of Torts § 158 (1965):

> One is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally (a) enters land in possession of the other, or causes a thing or third person to do so, or (b) remains on the land, or (c) fails to remove from the land a thing which he is under a duty to remove.

Here, Plaintiffs allege, at the least, that Defendants (including Engdahl) made a conscious decision "to abstain, to the extent possible, from containing mitigating, and cleaning up BNSF's hazardous waste site in Whitefish … opting instead, to allow said materials to continue discharging." (Doc. 5 at ¶ 9.)  The hazardous materials then contaminated and polluted their property.  (*Id.* at ¶ 12.) Further, Plaintiffs allege that once the migrating pollutants were discovered on Walker's property, Engdahl entered their land and destroyed the natural bed and bank of the Whitefish River. (*Id.* at ¶ 15.)  In concert, these allegations state a possible claim of intentional trespass.

In *Guenther v. Finley*, 769 P.2d 717, 719 (Mont. 1989), the Montana Supreme Court looked to the Restatement (Second) of Torts § 165 for the elements of negligent trespass:

> One who recklessly or negligently, or as a result of an abnormally dangerous activity, enters land in the possession of another or causes a thing or third person so to enter is subject to liability to the possessor if, but only if, his presence or the presence of the thing or the third

10

person upon the land causes harm to the land, to the possessor, or to a thing or a third person in whose security the possessor has a legally protected interest.

In addition to the above allegations, Plaintiffs assert that Defendants (including Engdahl) caused damages to their properties: Engdahl destroyed the natural bed and bank of the Whitefish River on Walkers' property without notice or permission; they lost real property values; and they lost unfettered use and quiet enjoyment of their properties. (Doc. 5 at ¶¶ 15, 19.) These allegations present a possible claim for negligent trespass.

Defendants also assert, however, that Plaintiffs' allegations are insufficient to support a viable claim of trespass because the state of Montana, not Plaintiffs, own the bed and bank of the Whitefish river, citing *PPL Mont., LLC v. Montana*, 565 U.S. 576, 589 (2012). While the Court takes no position on this issue, *PPL Montana* addressed state ownership of the riverbed. Defendants fail to address ownership of the banks where the trespass is also alleged to have occurred. Thus, Defendants' showing is not sufficient to sustain their burden of establishing fraudulent joinder with respect to the trespass claim.

Defendants also point to Engdahl's affidavit (Doc. 1-1 at 20-23), which generally denies that Engdahl entered Walker's property without her permission and consent. As District Judge Susan P. Watters found when Defendant BNSF filed a similar affidavit in support of its claim of fraudulent joiner in *Staley*, "[t]his

11

general denial is similar to an answer and is insufficient to overcome the burden of showing fraudulent joinder." *Staley*, 2015 WL 860802 * 5 (collecting cases).

Therefore, the Court finds Plaintiffs have stated a possible claim for either intentional or negligent trespass, and that Defendants have failed to sustain their burden to show fraudulent joinder.

### 3. Constructive Fraud-Deceit

Plaintiffs have also stated a colorable claim for constructive fraud. (Doc. 5 at ¶¶ 47-51.) Under Mont. Code Ann. § 28-2-406(1), constructive fraud consists of:

> (1) any breach of duty that, without an actually fraudulent intent, gains an advantage to the person in fault or anyone claiming under the person in fault by misleading another person to that person's prejudice or to the prejudice of anyone claiming under that person.

See, *Platt v. Held*, 2017 WL 8787627, at *16 (16th. Dist. Mont. Feb. 02, 2017).

Here, Plaintiffs allege Defendants had a duty to disclose and warn them about the contamination on or near their properties and about the health risks posed by the toxic substances and hazardous materials discharged. (Doc. 5 at ¶ 49.) Plaintiffs also contend that despite knowledge of the highly toxic and abnormally dangerous substances released by BNSF, the Defendants, including Engdahl, failed to disclose the scope and dangers they posed. (*Id.* at ¶ 14.) Plaintiffs further allege Defendants misinformed, concealed, and/or understated the seriousness of the pollution, and made affirmative misrepresentations and/or failed to disclose

12

material facts to them despite knowing the extent of the discharged pollution and inadequacy of their cleanup efforts.  (*Id.* at ¶¶ 17-18.)  Last, Plaintiffs allege that Defendants (again, including Engdahl) gained an unfair advantage through deception to Plaintiffs' prejudice; a contention which appears to relate to the allegation that Defendants chose to abstain from containing, mitigating and cleaning up the discharged materials to the extent an internal cost-benefit analysis made possible.  (*Id.* at ¶¶ 9, 50.)

The Court finds these allegations are sufficient to state a possible claim for constructive fraud

## V.    Conclusion

In sum, Plaintiffs have stated possible claims for public and private nuisance, trespass, and constructive fraud against Engdahl.  Therefore, the Court finds that Defendants have failed to show that Engdahl was fraudulently joined and should be disregarded for the purposes of establishing this Court's jurisdiction.  Complete diversity does not exist, and this case should be remanded for further proceedings.

Therefore, the Court RECOMMENDS that Plaintiffs' Motion to Remand (Doc. 12) be GRANTED and the matter be REMANDED to the Montana Thirteenth Judicial District Court.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

**IT IS ORDERED**.

DATED this 28th day of January, 2021.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge